# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHERYL LEWIS,

      Plaintiff,  :  Case No. 3:15-cv-11

 - vs -        Magistrate Judge Michael R. Merz

NAVISTAR INTERNATIONAL TRUCK 7,

      Defendant.  :

## DECISION AND ORDER ON RECONSIDERATION

  This case is before the Court on Defendant Navistar's Motion for Reconsideration (ECF No. 25) of the Court's Decision and Order ("SJM Decision," ECF No. 24) denying Navistar's Motion for Summary Judgment (ECF No. 21). Plaintiff has filed a memorandum in opposition (ECF No. 26) and Defendant has filed a Reply in Support (ECF No. 27).

  The SJM Decision noted that the Complaint pleaded five claims for relief; discrimination in employment on the basis of race in violation of Title VII of the 1964 Civil Rights Act (First Claim for Relief), discrimination against a person with a disability in violation of the Americans with Disabilities Act (the "ADA") (Second Claim for Relief), maintenance of a hostile work environment in violation of both Title VII and the ADA (Third Claim for Relief), wrongful termination in violation of Navistar's company policy (Fourth Claim for Relief), and violation of public policy (Fifth Claim for Relief)(ECF No. 24 at PageID 187). The SJM Decision denied

summary judgment on the Title VII claim, but granted summary judgment on the other four claims for relief.  Navistar seeks reconsideration only as to the Title VII claim.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided.  They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).  Nonetheless, courts have authority to reconsider interlocutory rulings despite the law of the case doctrine.  "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436 (1912); *see also Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995).[1]  To the extent Plaintiff argues that reconsideration is improper (see ECF No. 26, PageID 205), the Court disagrees.

Navistar summarizes the Court's critical finding as follows: "the Court denied Navistar summary judgment on Plaintiff's Title VII termination claim on the grounds that [Sue] Hartley's alleged threat to beat Plaintiff up was comparable to Plaintiff's threat to kill Hartley." (ECF No. 25, PageID 198.)  Navistar asserts the Sixth Circuit "has held otherwise." *Id.,* relying on *Smith v. Leggett Wire Co.*, 220 F.3d 752 (6th Cir. 2000); *Stotts v. Memphis Fire Dept*., 858 F.2d 289 (6th

---

[1] Navistar relies on *Nolfi v. Ohio Ky. Oil Corp*., 675 F.3d 538, 551-52 (6th Cir. 2012), for the standard for considering a motion to reconsider a pre-judgment decision.  *Nolfi* actually restates the Sixth Circuit's standard for deciding a post judgment motion under Fed. R. Civ. P. 59(e).  Of course if a motion satisfies the Rule 59(e) standard, it would *a fortiori* be sufficient for pre-judgment reconsideration.

Cir. 1988); and *Barry v. Noble Metal Processing, Inc.*, 276 F. Appx. 477 (6th Cir. 2008). Navistar notes that the Court cited *Stotts* and *Mitchell v. Toledo Hosp.*, 964 F.2d 577 (6th Cir. 1992), for the proposition that comparables must be similarly situated in all respects  (ECF No. 25, citing SJM Decision, ECF No. 24, p. 8 [PageID 191]).[2]  However, Navistar seeks reconsideration on the basis that Ms. Lewis failed to show that she and Ms. Hartley were similarly situated (ECF No. 25, PageID 200).

Navistar's argument has the burden of persuasion on a motion for summary judgment upside down.  The question of whether two employees are similarly situated for purposes of a Title VII case is a fact-intensive question.  When a party moves for summary judgment, the burden is on that party.  The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material  facts. *Alexander v. Caresource*, 576 F.3d 551 (6th Cir.  2009), *citing Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).  To be entitled to summary judgment on its Title VII claim, Navistar must meet the standard for judgment as a matter of law, to wit, that no reasonable jury could have found, on the evidence presented to the Court on summary judgment, that Hartley and Lewis were similarly situated. It did not do so.

What the evidence will show at trial is of course a different question.  The Court is fully aware that, for thirty years, it has been the law that summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination

---

[2] For future reference, counsel are respectfully referred to the Magistrate Judge's Amended Standing Order (available at www.ohsd.uscourts.gov) which requires record references to be made  to the PageID number which appears in the upper right hand corner of all electronically filed documents.  Uniform use of such numbers facilitates this Court's review and and review on appeal.

3

of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). But that does not mean that every case which may be won at trial is also a winning case on summary judgment. The same day it decided *Celotex*, *supra*, the Supreme Court also reiterated that "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Having reconsidered its SJM Decision as requested in Navistar's instant Motion, the Court again DENIES Navistar's Motion for Summary Judgment on Plaintiff's Title VII claim (First Claim for Relief).

October 17, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge